Mr. David E. Cauthen City Attorney City of Umatilla
QUESTION:
Are municipalities empowered to provide police protection on federal highways/state roads which are within their municipal borders?
SUMMARY:
A municipality may provide police protection on federal highways/state roads which are physically located within the corporate boundaries of the municipality.
You have reference to my opinion, issued as AGO 080-100, in which I concluded that a municipality may not exercise police jurisdiction over a federal highway/state road which is contiguous to but not within the corporate limits of the city. The basis for my conclusion there was that, pursuant to the mandate of s. 2(e), Art. VIII, State Const., a general or special law must authorize any exercise of extraterritorial power by a municipality. As no law of which I am aware exists which would authorize the exercise of municipal police powers on a public highway which is not within the corporate limits of the municipality (even if contiguous to it), I concluded that a municipality may not exercise its police jurisdiction on such a road.
I did not state in that opinion, nor did I intend to imply, that a municipality may not exercise its police powers on streets and highways which are within its lawfully described geographical limits. In State v. Williams, 303 So.2d 74 (3 D.C.A. Fla., 1974),case dismissed, 314 So.2d 591 (Fla. 1975), the controlling question was whether a municipal police officer has the right to arrest a motorist for violating the state traffic code on an interstate highway within the geographical limits of the municipality. The appellee in that case argued that s. 316.006, F.S., served to divest the municipality of any such power. Subsection (2) thereof, quoted in AGO 080-100, vests in chartered municipalities `. . . original jurisdiction over all streets and highways located within their boundaries, except state roads . . . .' (Emphasis supplied.) Original jurisdiction over state roads is vested by s. 316.006(1) in the Department of Transportation. As the Williams court pointed out, however, the jurisdiction vested by s. 316.006 relates only to the control or regulation of traffic and does not extend to the enforcement of traffic laws. `It is understandable that the Legislature would place exclusive jurisdiction for fixing speed limits, signs, and traffic control devices in one authority in order that the requirements on a given road would be uniform, but it is also understandable that the Legislature would permit the enforcement of these requirements by any lawful law enforcement officer.' 303 So.2d at 75. The police department of each chartered municipality is expressly authorized by s. 316.640(3)(a), F.S., to `enforce the traffic laws of this state on all the streets and highways thereof and elsewherethroughout the municipality wherever the public has the right to travel by motor vehicle.' (Emphasis supplied.) Cf. AGO 075-205.
Prepared by: Percy W. Mallison, Jr., Assistant Attorney General